FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 2 4 2003

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG STEVEN HOWARD,

    Plaintiff,

v.

No. CIV-03-1126 JP/LFG

MAJOR JOHN BEAIRD,
WARDEN BRAVO,
NICOLAS RAVEN,
TIM HATCH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff complained to Defendant Beaird about a security device

that screens visitors for drugs. Defendant Beaird, using vulgar language, admonished Plaintiff about his conduct and threatened to transfer him away from a religious-program housing unit. Three days later, Plaintiff was transferred. Plaintiff claims Defendants' conduct denied him the right to practice his religion and amounted to discrimination. He seeks equitable relief and damages.

First, Plaintiff's allegations do not support a claim of retaliation for exercising his free-speech rights. "An inmate claiming retaliation must 'allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.'" *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990). "Our initial inquiry . . . is to determine whether [Plaintiff]'s speech at issue touches upon matters of public concern." *Martin v. City of Del City*, 179 F.3d 882, 886 (10th Cir. 1999). Because Plaintiff's complaints were directed at an allegedly malfunctioning security machine, his speech was not "public" for First Amendment purposes. *See Schalk v. Gallemore*, 906 F.2d 491, 495 (10th Cir. 1990) (speech not protected where "overall tone and underlying message . . . is directed to waste, inefficiency, and favoritism"). Even if Defendants transferred Plaintiff because of his complaints about the security machine, his constitutional rights were not implicated. Furthermore, Defendant Beaird's use of vulgar language, without more, did not violate Plaintiff's constitutional rights. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Williams v. Levansailor*, No. 98-4006, 1998 WL 426865, at **1 (10th Cir. 1998). Plaintiff's retaliation claim will be dismissed.

Second, Plaintiff's allegations of transfer from a religious-program housing unit do not support his claim that Defendants violated his right of freedom of religion. "The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs." *Hammons v. Saffle*, --- F.3d ----, 2003 WL 22674813, at *2 (10th

2

Cir. Nov 13, 2003) (citing *O'Lone v. Estate of Shabazz*, 482 342, 348 (1987). The question is whether a transfer from a "program" pod to another unit "impinges on [Plaintiff's] constitutional rights." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff does not allege that he was denied the ability to observe his religious beliefs or practices, and one of the attachments to his response to an earlier order indicates that the "Crossings Community Pod" is an "honor" pod. This is clearly a rehabilitation or behavior-incentive program at the facility, and Plaintiff was not denied the reasonable opportunity to exercise his religion by being transferred.

> In dismissing the claim, the district court read [Plaintiff]'s complaint as stating that, even if his allegations . . . were true, he did not allege that he was ever denied the right to observe his Sabbath in a manner dictated by his religious beliefs. On this basis, the district court correctly concluded that [Plaintiff]'s claim failed to allege any significant burden on his First Amendment right to the free exercise of his religion.

*Beierle v. Zavares*, No. 99-1383, 2000 WL 757725, at **3 (10th Cir. June 12, 2000). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment shall be entered in accordance with Fed.R.Civ.P. 58(a)(2)(A)(iii).

UNITED STATES DISTRICT JUDGE

3